BOBLIT *v.* STATE

BRADY *v.* STATE

[No. 14, September Term, 1959.]
(Two Appeals In One Record)

*Decided September 24, 1959.*

The cause was argued before BRUNE, C. J., and HENDER-SON, HAMMOND, PRESCOTT and HORNEY, JJ.

*George B. Woelfel,* for John L. Brady, one of the appellants, and *Morris Turk,* with whom was *Louis M. Strauss* on the brief, for Charles Donald Boblit, the other appellant.

*Stedman Prescott, Jr., Deputy Attorney General,* with whom were *C. Ferdinand Sybert, Attorney General,* and *C. Osborne Duvall, State's Attorney for Anne Arundel County,* on the brief, for appellee.

HENDERSON, J., delivered the opinion of the Court.

These separate appeals in one record are ·from judgments and death sentences passed after convictions of first degree murder, in cases tried separately. It is conceded that Brady and Boblit lay in wait for the victim, William Brooks, placing a log across his private driveway, in order to obtain possession of his car and money. Boblit was armed with a shotgun and Brady with a pistol. When Brooks got out of his car, Boblit struck him in the head with the barrel of the shotgun. They placed Brooks in the car, and after driving a certain distance, they carried Brooks into the woods, where one of them throttled him with Boblit's shirt. Each claimed that the other had actually strangled Mr. Brooks. They concealed the body, and divided the contents of Brooks' pocketbook containing some $250. They abandoned the car near Lynchburg, Virginia. Boblit went home, Brady fled to Florida.

The sole contention raised on behalf of Brady is that his confession was obtained by force, or promise of reward. Brady made two confessions to the F.B.I. in Florida which were admitted in evidence without objection. When picked up by the Anne Arundel County police, he showed them where the car and articles of bloody clothing had been abandoned in Virginia. Brady was taken to Ferndale Police Station about 7:30 P. M. on July 8, and gave the statement objected to the following morning about 10:30 A. M., July 9. It is conceded that he was not mistreated in any way. Cf. *White v. State,* 201 Md. 489, 491, and cases cited. Moreover, Brady took the stand and admitted virtually everything set forth in his confessions. Cf. *Chisley v. State,* 202 Md. 87, 104 and *Daniels v. State,* 213 Md. 90, 106.

Brady testified at one point that he was told, in effect, that if he confessed the police would release his girl friend who was being held as a witness. If we assume, without deciding, that this would render the confession inadmissible, it is sufficient to say that all of the police and other officials categorically denied that any such promise or statement was made. We cannot find that the trial court was in error in accepting this version of what occurred. Cf. *Peters and Demby v. State,* 187 Md. 7, 15.

Boblit contends that he should not have been found guilty of first degree murder, because according to his version, he did not actively assist Brady in strangling the victim. It is conceded that Boblit conspired with Brady to rob Brooks, but it is contended that the murder was not committed in perpetration of the robbery, but was "separate and distinct." We think it is clear that the robbery was not complete at the time Brooks was killed. The plan was to secure the car and money of the victim by force, and that purpose had not been fully accomplished until the owner was disposed of. Boblit admitted that the money was not "split" until after the murder, and that he received about $120. Moreover, Boblit admitted that he and Brady discussed killing Brooks just before the killing occurred. "Brady said he would have to shoot him, I didn't say nothing I was too scared." In reply to the question: "Was it agreeable with both of you that Mr. Brooks had to be killed?" Boblit replied "Yes sir." At that time the shotgun "was still up from laying between my feet." It is immaterial that the method of killing was not discussed, or that Boblit had no specific intent to do the act himself. It was clearly in perpetration of the robbery, and hence covered by the statute, Code (1957), Art. 27, sec. 410. Cf. *Stansbury v. State,* 218 Md. 255 and *Shockley v. State,* 218 Md. 491.

*Judgments affirmed.*